UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARC SALAHUDDIN | Case No. 1:10 CV 01294 |
| Petitioner | JUDGE JOHN R. ADAMS |
| v. | |
| TERRY TIBBALS, Warden, | **MEMORANDUM, OPINION, AND ORDER** |
| Respondent | |

This matter appears before the Court on Petitioner Marc Salahuddin's objections to the Magistrate Judge's Report and Recommendation, which were filed on June 12, 2012. For the following reasons, Salahuddin's objections are DENIED.

**I. INTRODUCTION**

Petitioner, Marc Salahuddin, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated after a jury trial in the Cuyahoga County Court of Common Pleas. This matter has been fully briefed and Magistrate Judge George Limbert issued his Report and Recommendation recommending that the Petition for a Writ of Habeas Corpus be dismissed in its entirety. Petitioner has filed objections to the magistrate judge's Report and Recommendation.

**II. STANDARD OF REVIEW**

If a party files written objections to a magistrate judge's Report and Recommendation this Court must perform a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 28 U.S.C. 636(b)(1)(C).

### III. LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Court's review of the instant case. This is because Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after the act's effective date of April 26, 1996. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997). The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. 2254(d). In *Bailey v. Mitchell*, the Sixth Circuit Court of Appeals offered the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C. The state court decision may be overturned only if:
>
> > 1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
> >
> > 2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

        3.      'the state court identifies the correct governing legal rule from [the Supreme Court's cases but unreasonably applies it to the facts of the particular state prisoner's cases;]' or

        4.      the state court 'either unreasonably extends a legal principles from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Petitioner originally stated the following five grounds for relief:

Ground One:

The charging instrument used against Petitioner that alleged multiple but indistinguishable counts of similar misconduct purportedly occurring over a period of time well over a decade beforehand violates his rights to due process, notice, a fair trial, a unanimous verdict, and the prohibition against double jeopardy.

Ground Two:

The evidence supporting Petitioner's multiple undifferentiated convictions for rape and gross sexual imposition was based exclusively on the speculative recollection of the complaining witness, and therefore was not sufficient to prove his guilt of these offenses beyond a reasonable doubt.

Ground Three:

Petitioner's rights to present a defense, to a fair trial, and to due process were violated when the trial court admitted irrelevant, inadmissible and unfairly

prejudicial evidence against him while simultaneously barring the defense from presenting relevant evidence that would have countered the prosecution's case.

Ground Four:

Trial counsel's numerous lapses violated Petitioner's right to effective legal assistance guaranteed under the Constitution's Sixth and Fourteenth Amendments.

Ground Five:

Petitioner's rights to due process and a fair trial were violated by prosecutorial misconduct where during summation the prosecutor vouched for the credibility of the complainant and repeatedly argued legal and scientific theories and facts not presented at trial or admitted into evidence.

The magistrate judge found all five of Petitioner's grounds for relief to be without merit. Petitioner objected to the magistrate judge's Report and Recommendation as to Grounds One, Three, Four, and Five. Petitioner did not object to the magistrate judge's recommendation as to Ground Two. The Court has conducted a *de novo* review of those portions of the magistrate judge's Report and Recommendation and adopts the Report and Recommendation in its entirety.

### A. Ground One

Petitioner asserts in Ground One that the grand jury's indictment of multiple but indistinguishable counts of similar misconduct purportedly occurring well over a decade beforehand violated his constitutional right to due process with respect to notice of the charges against him.

As support for his claim, Petitioner cites *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005). In *Valentine*, the defendant was convicted of twenty identically worded counts of child rape and twenty identically worded counts of felonious sexual penetration. At trial, the only witness to testify as to the number of sexual assaults that the defendant committed was his eight-year-old victim. The victim's testimony provided typical accounts of the sexual abuse that she

encountered. Moreover, the victim's testimony provided mere estimations as to the number of times that she was sexually abused, stating that the defendant forced her to perform fellatio on "about twenty" occasions, that the defendant digitally penetrated her vagina on "about fifteen" occasions, and that the defendant achieved anal penetration with his penis on "about ten" occasions. Adding to the uncertainty regarding the actual number of times that the victim was sexually abused was the fact that the victim herself altered the number of occurrences slightly during cross-examination. Other than the eight-year-old victim, the prosecution offered no other evidence as to the number of offenses for which the defendant was ultimately convicted.

On appeal, the Sixth Circuit concluded that convictions on the "carbon copy" counts violated due process where "the indictment, the bill of particulars, and even the evidence at trial failed to apprise the defendant of what occurrences formed the bases of the criminal charges he faced." *Id*. at 634. Specifically, the Sixth Circuit held that:

> Numerous charges cannot be made out through estimation or inference. Instead, if prosecutors seek multiple charges against a defendant, they must link those multiple charges to multiple identifiable offenses. Due process requires this minimal step. Courts cannot uphold multiple convictions when they are unable to discern the evidence that supports each individual conviction.

*Id*. at 636-37. The Sixth Circuit reversed the district court's decision regarding the first conviction of child rape and the first conviction for felonious sexual penetration and affirmed the decision as to the remaining thirty-eight convictions.

Here, the magistrate judge relied on the reasoning of the Eighth District Court of Appeals and distinguished *Valentine* from the present case. Particularly, the magistrate judge noted that while *Valentine* makes clear that carbon copy indictments are not ideal, they are not automatically violative of the constitutional rights of a defendant so long as the defendant, through either a bill of particulars or the trial record itself, is apprised of the particulars against

which he must defend. As the Eighth District Court pointed out, the victim in the instant case testified in "great detail" about the multiple incidents of the defendant raping her and was able to recall details of specific incidents of sexual abuse by the defendant. *State v. Salahuddin*, Cuyahoga App. No. 90874, 2009-Ohio-466, ¶ ¶11-15. The magistrate judge concluded that the victim's detailed recollection of the multiple incidents of abuse and her ability to recall specific incidents of the defendant sexually abusing her supported the multi-count indictment and adhered to the Sixth Circuit's holding in *Valentine*.

Petitioner objected to the magistrate judge's recommendation as to Ground One, *supra*. Petitioner argues that the magistrate judge misinterpreted and misapplied *Valentine* to the present case. According to Petitioner, the fact that the victim was able to recall specific incidents and details surrounding her sexual abuse is irrelevant. Petitioner states that the victim's allegations failed to bind her testimony to any specific count alleged in the multi-count indictment that the prosecution used to charge the Petitioner. As such, Petitioner asserts that the grand jury's carbon copy indictment violated his constitutional right to due process with respect to notice of the charges against him.

This Court holds that the magistrate judge properly interpreted and applied the Sixth Circuit's holding in *Valentine* to the present case. The *Valentine* Court expressly held that:

> …the constitutional error in this case is traceable not to the generic language of the individual counts of the indictment, but to the fact that there was no differentiation among the counts…Numerous charges cannot be made out through estimation or inference. Instead, if prosecutors seek multiple charges against a defendant, they must link those multiple charges to multiple identifiable offenses.

395 F.3d at 636-37. This is precisely what the prosecution achieved in its case-in-chief. Through the victim's testimony, the State was able to distinguish specific incidents of sexual abuse from others. The fact that the indictment contained carbon copy counts of the charges is

inconsequential in this case. The Sixth Circuit in *Valentine* did not hold that identically worded indictments are *per se* improper. As such, because the State was able to connect the multiple charges to distinct identifiable offenses at trial, the defendant was afforded due process with respect to notice of the charges against him.

### B. Grounds Three, Four, and Five

Petitioner's "objections" to Grounds Three, Four, and Five superfluously recite portions of the Petition and Traverse, and are therefore not recognized as objections as a matter of law. *See Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Because portions of Petitioner's "objections" are merely restatements of previously presented arguments from his Traverse and Petition, the magistrate judge has already addressed these arguments in his Report and Recommendation. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id*. Such "general objections" are a duplication of time and effort and a waste of judicial resources, as they do not serve the purposes of Federal Rule of Civil Procedure 72(b). *Cvijetinovic v. Eberlin*, 617 F.Supp.2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). The Court is not required to perform a duplicative review of Petitioner's "objections" that fall outside the purpose of Federal Rule of Civil Procedure 72(b).

### IV. CONCLUSION

For the reasons set forth herein, this Court finds no merit to the Petitioner's Objections. Therefore, Petitioner's objections are OVERRULED. The Court has reviewed the Report and Recommendation, and having found it legally and factually accurate, ADOPTS Magistrate Judge

Limbert's Report and Recommendation in its entirety.  The Petition for Writ of Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

DATE: October 30, 2012            /s/ John R. Adams
                                  Judge John R. Adams